**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **NORMAN BELL, #1166921,** | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **3:05-CV-0752-N** |
| | ) | |
| **TARRANT COUNTY SHERIFF'S** | ) | |
| **DEPARTMENT,** | ) | |
| **Defendant.** | ) | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b), and an Order of the Court in

implementation thereof, the subject cause has been referred to the United States Magistrate

Judge.  The findings, conclusions and recommendation of the Magistrate Judge, as evidenced by

his signature thereto, are as follows:

FINDINGS AND CONCLUSIONS:

Type of Case:  This is an action brought by a state inmate pursuant to 42 U.S.C. § 1983.

Parties:  Plaintiff is presently confined at the Dawson State Jail in Dallas, Texas.

Defendant is the Tarrant County Sheriff's Department.  The Court has neither issued process nor

determined whether Plaintiff should proceed *in forma pauperis*.

Statement of Case:  The complaint alleges Defendant falsely arrested Plaintiff for an

aggravated robbery that did not involve the use of a gun, and that occurred while he was at

home.  Plaintiff seeks monetary compensation for pain and suffering and other relief.

Findings and Conclusions:  28 U.S.C. § 1391(b), which governs venue of a federal cause

of action, provides in pertinent part as follows:

(b) A civil action wherein jurisdiction is not founded solely on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial  district in which any defendant may be found, if there is no district in which the action may otherwise be brought.

The events giving rise to Plaintiff's cause of action occurred in Tarrant County, and involved the Tarrant County Sheriff's Department in Fort Worth, Texas.  The City of Fort Worth lies in Tarrant County, which is located within the Northern District of Texas, Fort Worth Division.  See 28 U.S.C. § 124(a)(2).  Because Plaintiff's claims arise out of events that occurred in Tarrant County, the court has the authority to transfer this case for the convenience of the parties and witnesses, and in the interest of justice, to the Fort Worth Division.

A district court may transfer any civil case "[f]or the convenience of parties and witnesses, in the interest of justice, . . . to any other district or division where it might have been brought." 28 U.S.C. § 1404.  Under this statute the court may transfer a case upon a motion or *sua sponte*.  Mills v. Beech Aircraft Corp., Inc., 886 F.2d 758, 761 (5th Cir. 1989).  "Decisions to effect § 1404 transfers are committed to the sound discretion of the transferring judge . . . ."

RECOMMENDATION:

For the foregoing reasons, it is recommended that this action be transferred to the Fort Worth Division of the Northern District of Texas.

The Clerk will mail a copy of this recommendation to Plaintiff.

Signed this 21st day of April, 2005.

_____
UNITED STATES MAGISTRATE JUDGE

2